UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L GREEN,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>    Defendants. | CASE NO. C20-5249 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND, AND DENYING PLAINTIFF'S MOTIONS |

This matter comes before the Court on Defendants Acting Secretary of the Navy, Greg Craig, Department of Veterans Affairs, Department of the Navy Board of Corrections Navy Records, April Dinucci, Mike Elmstrom, Mark Esper, Sanford Kallal, Emori A Moore, Office of Department of Defense Inspector General, United State of America, Veteran Benefit Administration Seattle, and James Writer ("Defendants") motion to dismiss, Dkt. 16, and Plaintiff William Green's ("Green") numerous motions, Dkts. 15, 18, 20, 21, 22, 26.

On March 16, 2020, Green filed a complaint against numerous defendants asserting numerous causes of action. Dkt. 1. On April 11, 2020, Green filed an amended

ORDER - 1

complaint against Defendants asserting numerous causes of action. Dkts. 8-1, 8-2, 8-3. The complaint is 104 pages long and contains multiple counts under multiple claims. *Id.*

On May 22, 2020, Defendants filed a motion to dismiss seeking dismissal of Green's complaint asserting lack of jurisdiction, that Green's claims are barred by res judicata, and that Green fails to state a claim. Dkt. 16. On May 24, 2020, Green responded. Dkt. 18. On June 12, 2020, Defendants replied. Dkt. 23.

In this case, the Court agrees with Defendants that Green has failed to properly state claims upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Defendants concede this failure in stating that "[t]he factual basis for plaintiff's lawsuit is difficult to ascertain," Dkt. 16 at 3, and "[t]he only new claim in this lawsuit appears to be an APA claim," Dkt. 23 at 2. Like Defendants, the Court is unable to understand the claims and the factual basis for each claim. Such failure to understand the claims results in a failure to consider whether these claims are barred for either lack of jurisdiction or res judicata. Therefore, the Court grants Defendants' motion to dismiss for failure to state a claim and grants Green leave to file an amended complaint. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) ("In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile.").

An amended complaint shall be filed no later than August 14, 2020. Failure to file an amended complaint will result in dismissal without prejudice. If Green files an amended complaint, the complaint shall contain "**a short and plain statement of [each] claim showing that [Green] is entitled to relief**." Fed. R. Civ. P. 8(a)(2). Although

there is no rule precluding voluminous complaints, both Defendants and the Court must be able to reasonably understand how each defendant's action injured Green and why Green is entitled to relief for such alleged injury. Failure to provide short statements of each claim may also result in dismissal of any amended complaint without prejudice.

Finally, Green's pending motions are either frivolous or premature in the absence of an operative complaint. Therefore, the Court denies Green's motions, Dkts. 15, 18, 20, 21, 22, 26, without prejudice.

**IT IS SO ORDERED**.

Dated this 28th day of July, 2020.

BENJAMIN H. SETTLE
United States District Judge