**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM L. GREEN,

   Plaintiff-Appellant,

 v.

UNITED STATES OF AMERICA; et al.,

   Defendants-Appellees.

No. 20-35946

D.C. No. 3:20-cv-05249-BHS

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 14, 2021**

Before:  WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

  William L. Green, a former lieutenant in the United States Navy, appeals pro se from the district court's judgment dismissing his action alleging claims under the Federal Tort Claims Act ("FTCA") and state law and seeking review of the Department of the Navy's denial of his application to correct his military record.

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the district court's decision regarding the sufficiency of service of process, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002), and de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  We affirm in part, reverse in part and remand.

The district court did not abuse its discretion by dismissing Green's claims against the federal employee defendants in their personal capacities for failure to effectuate proper service because Green failed to make a showing of good cause for the defective service.  *See* Fed. R. Civ. P. 4(m) (imposing 90-day time limit to effect service absent showing of good cause); *see also In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001) (discussing good cause standard for extending time for service under Fed. R. Civ. P. 4(m)).

The district court dismissed Green's Administrative Procedure Act ("APA") claim seeking review of the Navy's denial of his application to correct his military record on the ground that no private right of action exists for such a claim. However, the Navy's Board for Correction of Naval Records ("NBCNR") has the authority to "correct any [Navy] record" in order to "remove error or injustice."  10 U.S.C. § 1552(a).  And the NBCNR's September 4, 2019 final decision denying Green's application for such correction of his military record is reviewable by the

district court under an arbitrary and capricious standard. *See Chappell v. Wallace*, 462 U.S. 296, 303 (1983). We reverse the district court's dismissal of Green's APA claim and remand for the district court to review the NBCNR's September 4, 2019 final decision in the first instance.

Green failed to challenge the district court's dismissal of his remaining claims as precluded by final decisions in two prior district court actions and has therefore waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant.").

All pending motions are denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**