UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L. GREEN,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>            Defendants. | CASE NO. C20-5249 BHS<br><br>ORDER |

THIS MATTER is before the Court on Defendant United States' Motion for Summary Judgment, Dkt. 126, and on pro se Plaintiff William Green's Motion to Strike the Government's motion as untimely, Dkt. 129.

The factual and procedural history of this protracted case have been detailed in prior orders, and in the Ninth Circuit's opinion affirming the dismissal of most of the claims in this case. *See* Dkts. 56 and 78. The Ninth Circuit remanded to this Court only Green's Administrative Procedures Act (APA) claim seeking to correct his military record. Dkt. 78.

Specifically, Green seeks to re-characterize forty-four days of "chargeable" annual leave he took in 2017 to non-chargeable "convalescent leave." The Navy Board for Correction of Naval Records (BCNR) denied Green's effort to correct his record in a

ORDER - 1

final decision dated September 4, 2019.[1] *See* Dkt. 127-1[2] at 14. The Ninth Circuit determined that Green stated a plausible claim under the APA and remanded that claim for this Court's consideration. Dkt. 78 at 2–3. After a variety of other motions, the substantive merit of Green's remaining claim is now before the Court. The Government asks the Court to determine as a matter of law that the BCNR's decision was not arbitrary and capricious, and to dismiss Green's claim with prejudice and close the case. Dkt. 126.

Green objects to the Government's motion and moves to strike it as untimely. Dkt. 129. He argues that this Court ordered the Government to compile and produce the CAR by January 13, 2023, and that it failed to do so. He argues that Government did not provide to him a copy of the CAR until after it filed its own motion. *Id.* at 2 (citing Dkts. 126 and 127). He asks the Court to instead hold a trial on the matter.

The Government's response, Dkt. 132, demonstrates that it sought to timely provide to Green an electronic copy of the CAR and that Green refused. It then mailed[3] Green an encrypted compact disc with the CAR on it and, in February 2023, Green informed the Government that he never received it. The Government then sent the CAR to Green via email. *Id.* at 2.

---

[1] The Government's filings reflect some ambiguity about the date of this final decision. The Certified Administrative Record (CAR) appears to reflect that it was "Sep. 04, 2019." Dkt. 127-1 at 14. There does not appear to be any question about the decision or the fact that it was final.

[2] The CAR is attached to the Declaration of Nickolas Bohl, Dkt. 127, at Ex. 1.

[3] The Government asserts that, according to the postal service's tracking information, someone picked up the package it mailed to Green. Dkt. 132 at 2 (citing Bohl Decl., Dkt. 127, ¶ 4).

ORDER - 2

The Court is satisfied that the Government timely compiled and sought to share the record with Green, and that there is no prejudice resulting from any delay in his actually receiving it. Green has had ample time to review the CAR and to file a motion or articulate an argument regarding it. Nor does this matter require a trial, as it is necessarily limited to a review of the closed administrative record. As the Government points out, "[a] hallmark of judicial review under the arbitrary and capricious standard is that such review is confined to the administrative record compiled by the agency." Dkt. 126 at 6 (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 742–744 (1985); *Friends of the Earth v. Hintz*, 800 F.2d 822, 828 (9th Cir. 1986)).

Green's Motion to Strike the Government's dispositive motion, Dkt. 129, is DENIED.

The Government correctly articulates the standard against which Green's APA claim must be measured:

> A district court must determine whether the administrative action was arbitrary and capricious, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 706. To pass muster under the arbitrary and capricious standard, the administrative body "must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)). An administrative action that is reasonable satisfies the APA. *Roberts v. Harvey*, 441 F. Supp. 2d 111, 118 (D.D.C. 2006). The Board's decision is presumed to be valid. *California Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 570 (9th Cir. 2018). A plaintiff "bears the burden of showing, by cogent and clearly convincing evidence," that the decision was arbitrary and capricious and "must overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith." *Bliss v. Johnson*, 279 F. Supp. 2d 29, 34 (D.D.C. 2003); *see also* Turtle

*Island Restoration Network v. United States Dep't of Com.*, 878 F.3d 725, 753 n.17 (9th Cir. 2017).

Dkt. 126 at 6.

The sole issue before the Court is whether Green has met his burden of demonstrating that the BCNR's September 4, 2019 final order denying his application to correct the official characterization of 44 days of leave in 2017 was arbitrary and capricious. None of Green's filings since the Government filed its motion (or before) address this issue. His response, Dkt. 131, like his Motion to Strike, Dkt. 129, focuses instead on the timeline of the Government's production of the CAR. His only other subsequent filing appears to relate to his claim that the Navy failed to present to him a flag on his retirement. Dkt. 138. That is not a claim in this case; the *only* claim before the Court is the denial of his effort to change the nature of 44 days of leave that he took five years ago from chargeable, ordinary leave to unchangeable, convalescent leave.

The Government argues that Green himself applied for ordinary leave, and emphasizes that the BCNR corrects records only to correct an error or remove an injustice. Dkt. 126 at 5. It points out that the BCNR specifically determined that Green "provided no evidence that [his] respective command had placed or intended to place [him] on convalescent leave in order to take non-chargeable leave during the contended period," *id.*, and that not all of the leave that Green requested coincided with the dates he claimed he had medical appointments. *Id.*

This Court is not the fact-finder; the BCNR is. The standard of review is deferential, and the Court cannot determine that the agency's action was arbitrary and capricious unless it:

> relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007). There is a "presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997).

Green's recent filings neither address this standard nor articulate why the BCNR's decision was arbitrary or capricious. None of his other filings in this case address this issue either. Green has not met his burden of demonstrating that the BCNR's decision was arbitrary and capricious, as a matter of law. The Government's Motion for Summary Judgment on Green's APA claim, Dkt. 126, is GRANTED. Green's sole remaining APA claim is DISMISSED with prejudice.

The clerk shall enter a JUDGMENT and close the case.

IT IS SO ORDERED.

Dated this 18th day of April, 2023.

BENJAMIN H. SETTLE
United States District Judge